67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erkabwa KIFLE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1995.*
Decided Sept. 21, 1995.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Erkabwa Kifle, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 4
 To qualify for asylum, an alien must demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. Secs. 1158, 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Persecution is defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 5
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The subjective component may be satisfied by "an applicant's credible testimony that he genuinely fears persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (internal citations and quotations omitted).
 
 
 6
 To qualify for withholding of deportation, an alien must meet a higher standard and present evidence of a clear probability of persecution based on one of the five asylum grounds. INS v. Stevic, 467 U.S. 407, 430 (1984); 8 U.S.C. Sec. 1253(h).
 
 
 7
 Kifle contends that the BIA erred by denying her request for asylum and withholding of deportation because she had not presented evidence to establish a well-founded fear and clear probability of persecution. Kifle also contends that the BIA erred by improperly applying the law. These contentions lack merit.
 
 
 8
 At her deportation hearing, Kifle testified that she was a member of the Workers' Party of Ethiopia ("WPE"), the only political party allowed to legally operate in Ethiopia under President Mengistu Haile-Mariam. She also acted as Secretary of the Women's Organization for the WPE at her workplace and was responsible for warning and reporting on co-workers that failed to attend Party meetings. As a result of her reports, those co-workers would either lose their jobs or be imprisoned. Kifle testified that she felt obligated to join the WPE in order to retain her employment.
 
 
 9
 In support of her asylum application, Kifle testified that her three brothers who remain in Ethiopia were all prominent members of the WPE and are now experiencing adverse treatment after the fall of the Mengistu government. Her three brothers were detained for six months, are under surveillance, and are unable to find work. Kifle's sister, who had been the Chairwoman of a Women's Affairs Organization in the WPE, lost her job. Kifle testified that she received letters from her sister and one brother with information that other WPE members have lost their jobs, have been imprisoned, or have disappeared. Kifle testified that she fears similar treatment in Ethiopia because of her past membership in the WPE.
 
 
 10
 We conclude that the evidence is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See Abedini, 971 F.2d at 191. There is no indication that Kifle would be subject to detention and surveillance upon her return to Ethiopia. Kifle testified that her brothers held more prominent positions in the WPE than she did, while her sister, who was not detained, apparently held a similar position to Kifle's. There is also no indication in the record that the current government subjected Kifle's brothers to anything other than a legitimate investigation into and prosecution of their actions as prominent members of the WPE. Upon her return to Ethiopia, Kifle may be subject to prosecution regarding her involvement in the punishment of those who failed to attend WPE Party meetings, but there is no indication that such prosecution would not be legitimate.
 
 
 11
 Kifle may have an objective and subjective fear of detention and surveillance upon return to Ethiopia based on her past association with the WPE. There is no indication on the record, however, to dispute the IJ's determination that, if Kifle were prosecuted at all, such prosecution would not qualify as persecution. Governmental prosecution may rise to the level of persecution, but Kifle did not establish that any prosecution she might face would be "especially unconscionable or ... merely a pretext to persecute [her] for [her] beliefs or characteristics." Id.
 
 
 12
 Accordingly, the BIA did not abuse its discretion and applied the proper legal standards in affirming the IJ's denial of asylum. See id. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, the BIA did not abuse its discretion by affirming the IJ's denial of withholding of deportation. See Diaz-Escobar, 782 F.2d at 1491.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3